SOPHIA ROYCE, Respondent, v. ELSIE H. PEASE, Individually and as Executrix, etc., of AUSTIN PEASE, Deceased, Appellant, Impleaded with Others, Defendants.

PER CURIAM. We deny the motion to amend the decision and order of this court made January 22, 1929, and entered herein. We do so, however, for the reason that, as we interpret it, such decision and order may be deemed to apply to payments to be made at the rate of sixty dollars a month to each beneficiary, so far as such payments had accrued down to the date of our decision, without prejudice to the right of the surrogate upon proper application, to adjust from time to time the future payments in accordance with the exigencies of the estate

and the circumstances of the beneficiaries, bearing in mind that the will has been construed to require the same payment to be made to each beneficiary, whatever may be fixed as the amount to be paid. Such determination may be had in the Surrogate's Court in the pending proceeding for the judicial settlement of the accounts of the executrix. It has been called to our attention that Sophia Royce and Elsie H. Pease have been paid in full down to the date of the entry of our order herein and that each of the beneficiaries received upwards of $2,800 and that the circumstances of the estate and of the beneficiaries have changed since then. For example, Sophia Royce has been admitted to a home for aged women where she is apparently being cared for comfortably and will be so long as she lives. Her admission to the home was apparently obtained on the strength of her interest in this estate and upon the advancement of the admission fee by a friend named Dorothy Bishop, who was to be reimbursed therefor out of the moneys due from the estate and also to be paid $400 for maintenance of Sophia Royce for the period of March 19, 1929, to October 31, 1929, the date when the latter entered the home. Dorothy Bishop complains that no part of the $1,400 has been paid to her. No explanation is offered as to what has become of the $2,800 paid to Sophia Royce under the order of this court. It would seem that some substantial portion of it should be available to apply on this obligation of Sophia Royce, without requiring reimbursement wholly out of future payments from the estate which may never be adequate. This and all matters relating to the administration of the estate, including the matter of the foreclosure, which has resulted in a balance of funds of the estate much less than appeared probable at the time of our determination, may well be inquired into by the surrogate as bearing upon the accounting and the respective needs of the beneficiaries and such relief obtained as justice requires. Hinman, Acting P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Motion denied, without costs.